UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ERIC SCOTT MCCAULEY,

    Petitioner,

v.                                                  CASE NO. 5:17-cv-609-Oc-02PRL

WARDEN, FCC COLEMAN - LOW,

    Respondent.
_____/

## **O R D E R**

This matter comes before the Court following the Petitioner's failure to respond to a show cause order (Dkt. 8) in this proceeding brought pursuant to 28 U.S.C. § 2241. Upon review of the entire file, the Court concludes the case should be dismissed without prejudice for failure to follow this Court's orders.

### BACKGROUND

Eric Scott McCauley, proceeding *pro se*, is a federal inmate who challenges prison disciplinary proceedings, which resulted in the loss of good time credit and other sanctions. Dkt. 1. In December 2017, the Court ordered Mr. McCauley "to advise the Court in writing of any change in your mailing address by filing a Notice of Change of Address . . .[y]our failure to keep the Court advised of your

current address may result in the dismissal of your case." Dkt. 3 ¶ 8. At no time has Mr. McCauley filed a notice that his address has changed.

As the case moved forward, the response to the petition (Dkt.5) and reply (Dkt. 6) were filed. In January 2019, this case was reassigned to another district judge. Dkt. 7. A copy of that order, which was mailed by the clerk's office to Mr. McCauley, was "returned as undeliverable, unable to identify." The order was mailed to the Federal Correctional Complex, United States Penitentiary Coleman I, located in Sumter County, Florida ("Coleman"), where he was housed when he filed the petition. Dkt. 1 at 1. Coleman is the only address listed on this Court's docket.

On February 7, 2019, this Court issued a show cause order directing as follows:

> The record reflects that a recent correspondence sent to Petitioner was returned as undeliverable. A review of the Bureau of Prisons' website reflects that Petitioner has been transferred to another penitentiary. The Court previously warned Petitioner that the failure to advise the Court of his current mailing address at all times may result in the dismissal of this case without further notice. (Dkt. 3). . . . within **FOURTEEN (14) DAYS** of the date of this Order, Petitioner is directed to show cause why the case should not be dismissed. The failure to comply within the allotted time **will** result in the dismissal of this case without further notice.

Dkt. 8 (emphasis in original). The clerk's office mailed a copy of the order to Mr. McCauley at Coleman. The mail was not returned to the clerk as undeliverable.

### *Jurisdiction*

This Court must determine whether it has jurisdiction before dismissing the case. Mr. McCauley is serving time for a 2012 conviction and sentence imposed by the United States District Court for the Western District of Missouri, Central Division. Dkt. 1 at 2. He was disciplined by the Bureau of Prisons ("BOP") in 2015 when he was housed at the Federal Correctional Institution Texarkana (Low). Dkt. 1 at 2. At the time he filed his petition in 2017, he was incarcerated at Coleman. Dkt. 1. According to the BOP's website, McCauley is now located at "Jesup FCI."[1]

Jurisdiction over a petition seeking review of a prison disciplinary proceeding under § 2241 lies in the "district of confinement." *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004); *Meriweather v. Augustine*, No. 5:10-cv-236/RS/EMT, 2010 WL 5152979, at *1 (N.D. Fla. Nov. 22, 2010) (citing *Padilla*). "Only a court inside the district where the prisoner is confined has jurisdiction to grant relief pursuant to a § 2241 petition." *United States v. Saldana*, 273 F. App'x

---

[1] The website, www.bop.gov/inmateloc/, was last checked July 12, 2019, using McCauley's Register Number 19722-045.

845, 846 (11th Cir. 2008) (citation omitted). If the prisoner is transferred to another federal penitentiary, jurisdiction is not destroyed if the petition was properly filed in the district court where the prisoner was confined at the time of filing. *See Dotson v. United States,* No. CV 312-004, 2013 WL 1786568, at *1 n.1 (S.D. Ga. Mar. 7, 2013) (citations omitted), *adopted by* 2013 WL 1786559 (S.D. Ga. Apr. 25, 2013); *Burrell v. English*, No. 5:14-cv-207-MW-GRJ, 2016 WL 6496449, at *1 n.2 (N.D. Fla. Sept. 28, 2016), *adopted by* 2016 WL 6518638 (N.D. Fla. Nov. 1, 2016); *Meriweather*, 2010 WL 5152979, at *1 (citation omitted).

Applying Eleventh Circuit law to this case, jurisdiction was acquired by this Court when Mr. McCauley, who was housed at Coleman, filed his § 2241 petition. Even though he may have been transferred to a federal institution located outside this district, subsequent transfers do not defeat jurisdiction.

### ***Dismissal for Failure to Follow this Court's Orders***

In prosecuting this case, Mr McCauley is responsible for complying with this Court's orders. He has failed to adhere to two orders: the initial standing order that required him to give notice of a change in address, and the show cause order of February 2019 for failure to provide a change of address. Dkts. 3, 8. Neither order was returned as undeliverable mail. There is a presumption that an

item properly mailed was received by the addressee. *Cherry v. McDonough*, 8:06-cv-573-T-27MSS, 2007 WL 328781, at *5 (M.D. Fla. Jan. 31, 2007) (citation omitted).

Over four months have passed since the response was due to the show cause order. Mr. McCauley has filed nothing in his case since May 2018, over one year ago. Other courts have dismissed habeas petitions for failure to comply with court orders and to prosecute. *See, e.g.*, *Beshears v. Sec'y, Fla. Dep't of Corrs.*, No. 5:17-cv-465-Oc-32PRL, 2019 WL 1101413 (M.D. Fla. Mar. 8, 2019); *Baptiste v. Johns*, No. 5:16-cv-23, 2016 WL 6871260 (S.D. Ga. Nov. 21, 2016); *Cherry*; *Coon v. DeLoach*, No. Civ-A. 96-1243-CB-S, 2000 WL 206376 (S.D. Ala. Feb. 8, 2000).

To date, Mr. McCauley has failed to advise the Court of his current mailing address as directed or to otherwise prosecute this case. This Court is unable to communicate with him without a current, valid address. Under either the Court's inherit authority to manage its cases or Federal Rule of Civil Procedure 41(b), this case is *sua sponte* dismissed. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citations omitted); *Rosario v. Johns*, No. 5:17-cv-161, 2018 WL 1178100, at *1 (S.D. Ga.

Jan. 12, 2018) (citing *Link* and *Coleman*), *adopted by* 2018 WL 1176846 (S.D. Ga. Mar. 6, 2018).

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1) This case is dismissed without prejudice for Petitioner's failure to follow the Court's orders.

2) The Clerk shall enter a judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Tampa, Florida, on July 12, 2019.

*s/ William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>COPIES FURNISHED TO</u>:
Counsel of Record
Petitioner, *pro se*